

# The Attorney General

## of Texas

Austin 11, Texas

**WILL WILSON**
**ATTORNEY GENERAL**

December 31, 1962

Honorable J. M. Falkner
Commissioner of Banking
Department of Banking
Austin, Texas

Opinion No. WW-1515

Re: Whether an existing, non-
profit, incorporated
association of cemetery
lot owners, chartered
in the year 1894, can
establish a perpetual care
fund under the provisions
of Article 912a, V.C.S.,
and related questions.

Dear Mr. Falkner:

Your letter states that a nonprofit, incorporated association of
cemetery lot owners desires to establish a perpetual care fund under Article
912a, V.C.S. The charter of this corporation was granted by the Secretary
of State in the year 1894, prior to the enactment of Article 912a, and said
charter does not provide for a perpetual care fund.

The questions in your letter which we feel we have authority to answer
are paraphrased as follows: Can such association establish a perpetual care
fund under the provisions of Article 912a from donations of a portion only of
the lot owners for perpetual care of their lots? If the answer to the first
question is "yes", would the fund be subject to the supervision of the Banking
Department? If the answer to the first question is "yes", can a majority of
the members cause the donations to be mandatory on all members, thus
creating a perpetual care fund for the entire cemetery?

Section 5 of Article 912a is entitled "Authority to Corporations",
and sets out the powers and rules by which cemetery corporations may be
formed. This section also contains a clause which reads in part as follows:

". . .and provided further that the provisions of this
Act shall not apply to . . . any association of cemetery
lot owners not operated for profit. . . now existing or
hereafter organized. . ."

It is our opinion that this clause was enacted to exempt only those organizations named in it from regulation under the Act. It was not intended to prohibit a nonprofit incorporated association of cemetery lot owners from voluntarily adopting the provisions of the Act. Therefore, in answer to your first question, the incorporated association can elect to amend its charter, bring itself within the provisions of Article 912a, and establish a perpetual care fund according to those provisions.

In answer to the second question, if the association did elect to amend as above described, the provisions of Article 912a would then require examination and supervision of the association by the Banking Department. In particular, see Sections 2, 3, 4, 30, 31, 32 and 33 of Article 912a.

In answer to the third question, we quote in part from Section 15 of Article 912a, entitled "Establishment of perpetual care":

> ". . . If the cemetery originally sold cemetery lots without provision for perpetual care, it shall have the right to accept deposits from such lot owners for the purpose of establishing perpetual care endowment on those lots, provided said deposits meet the requirements hereof, such deposits to be placed in trust in conformity with the requirements of this Article. "

It is our opinion that this part of Section 15 provides for the establishment of individual voluntary perpetual care funds in the type of association in question, and by implication prohibits a majority of the members who may want such a fund from making it mandatory on a minority who do not. The power given in Section 6 of Article 912a to nonprofit cemetery corporations organized by cemetery lot owners allowing such corporations to tax the property for the purpose of its general improvement and upkeep does not, in our opinion, give such corporation the power to tax for the establishment of a perpetual care fund.

## SUMMARY

A nonprofit, incorporated association of cemetery lot owners, in existence prior to the passage of Article 912a, V.C.S., can elect to amend its charter and adopt the provisions of Article 912a, and establish a perpetual care fund according to the provisions thereof. This fund would be subject to examination and supervision by the Banking Department. Donations to such a fund could not, however, be made mandatory from those members who do not desire to establish such a fund for their individual lots.

Very truly yours,

WILL WILSON
Attorney General of Texas

By J. Gordon Zuber
J. Gordon Zuber
Assistant Attorney General

JGZ:lmc

APPROVED:

OPINION COMMITTEE:

W. V. Geppert, Chairman
Pat Bailey
Dudley McCalla
Norman Suarez
Tom Peterson

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore